EASTERN DIST.
*February,* 1832.

SUARES
*vs.*
HIS CREDITORS.

## SUARES *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The endorsor who has paid the note, is entitled on the tableau, to the place his endersee would have occupied.

If the moral evidence be strong, the Supreme Court will in certain cases be induced to remand the cause for a new trial.

The opposing creditor was the endorser of a promissory note, given by the insolvent to Hunter & Fagan for slating a house, surrendered by the insolvent to his creditors, and having paid the amount in pursuance of a judgment obtained against him, he claimed to be placed on the tableau, as substituted to the privilege, of Hunter & Fagan on the proceeds of the sale of the house.

*Mace,* for appellant.   *McCaleb,* for appellee.

*Martin, J.* delivered the opinion of the court.

Fernandez, one of the creditors, appeals from a judgment overruling his opposition to the tableau of distribution, in which he contends, his claim ought to be placed as a privileged one, on the proceeds of the sale of a house surrendered by the insolvent.

He urges he was the endorser of a note given by the insolvent, to Hunter & Fagan, in payment of slates furnished and work performed in covering that house, and he was compelled to pay said note, these endorsees having obtained judgment against him as the insolvent's endorser, whereby he became subrogated to their claim.

It is clear, that if these facts be established, he is entitled on the tableau, to the place which his endorsees would have occupied had he not paid them.

He has proved indeed, that his endorsees performed the work, and that he endorsed for the insolvent, a note, which he has since been compelled to pay to the slaters.

But the evidence offered, to establish that the slaters received the note in payment of work and materials for the

The endorsor who has paid the note is entitled on the tableau to the place his endorsee would have occupied.

EASTERN DIST.  house, is mere hearsay testimony. A witness swears, he
February, 1832.  heard Hunter, Fagan, and the insolvent say, that this is the
PEIRCE  fact. But the unsworn declarations of Hunter & Fagan are
vs.
MORGAN.  no evidence against the syndics of the insolvent, neither are
those of the insolvent, when it does not appear whether they
were made before or after the cession, admitting that in either
case they may be.

The moral evidence is, however, so strong, that we think
justice requires the case should be remanded.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be annulled, avoided and
reversed, and the case remanded for a new trial, the costs of
the appeal being borne by the appellees.