ARCENEAUX
*vs.*
BERNARD.

*Simon,* for the plaintiff.

*Brownson, contra.*

*When, from the circumstances of the case, justice requires it, the cause will be remanded for a new trial.*

---

### ARCENEAUX *vs.* BERNARD.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF LAFAYETTE.

Where a testator bequeathed the usufruct of all his property to his brother
and the brother's wife, "*during their lives,*" and after both their deaths
"the property to return to those that may be legally entitled to the
same": *Held,* that no part of the usufruct ceases until the death of both
the usufructuaries.

This suit was instituted in the Court of Probates by the
plaintiff and her minor child, who, she alleges, are the only

legal heirs of Toussaint Arceneaux, deceased, to recover <span style="float:right">WESTERN DIST.</span>
from the defendant the property of his succession. <span style="float:right">September, 1836.</span>

The defendant is ,the surviving widow of a brother of the
deceased.   She claims the usufruct of the succession under
his will, in which he bequeathed to his brother and Dame
Aspasie Bernard, his wife, "all his property, of whatsoever
nature the same may be, during their *natural lives,* without
their being obliged to give security to my other heirs; and
after the death of my brother Joachim, and his wife Aspasie,
my property will return to those that may be legally entitled
to it."   This brother has since died, and his widow is the
present defendant, and claims the right to continue in pos-
session of the property of the succession under the said will.

<span style="float:right">ARCENEAUX<br>vs.<br>BERNARD.</span>

The judge of probates maintained the possession under
the will, and gave judgment for the defendant.   The
plaintiff appealed.

*Mouton,* for the plaintiff.

1. This suit is brought by the heirs of Toussaint Arceneaux,
to recover his estate from the defendant, who claims the
usufruct of it during her life, under the last will and testa-
ment of the deceased.

2. The plaintiff contends, that said will only gives the
defendant the usufruct of *one half* of the estate.   *Louisiana
Code,* articles 529 to 531.

*Crow, contra.*

*Bullard, J.,* delivered the opinion of the court.

This case has been submitted to us on points, and presents
the single question, whether the plaintiffs, as heirs at law of
Toussaint Arceneaux, deceased, are entitled to recover the
whole or any part of his succession.   The defendant claims
as usufructuary under the testament of the deceased.   It
appears that she is the survivor of her husband, to whom,
jointly with herself, the usufruct was bequeathed "during
their lives."

ARCENEAUX
*vs.*
BERNARD.

Where a testator bequeathed the usufruct of all his property to his brother and his brother's wife, "*during their lives*," and after both their deaths "the property to return to those that may be legally entitled to the same:" *Held*, that no part of the usufruct cease, until the death of both the usufructuaries.

The plaintiffs rely upon articles 529 to 531 of the Louisiana Code to prove that usufruct is divisible, and that in this case, at least as to one half, it terminated at the death of the husband, and that their right then attached. These articles seem to establish the principle that there may be a joint usufruct terminating at different periods, as to the several usufructuaries. But in this case we are to be guided by the probable intention of the donor, as expressed in the testament. The expression " during their lives" would perhaps leave it doubtful whether the testator meant to create a right of survivorship in favor of one of the persons named as legatees. But this ambiguity appears to us to be cleared up by other clauses in the will. The testator goes on to say, " after the death of my brother Joachim, and the death of his wife Aspasie aforesaid, my property will return to those that may be legally entitled to the same."

We are of opinion that these expressions indicate, on the part of the testator, his intention that his other heirs, the plaintiffs, shall have no right to enter upon the enjoyment of his estate until the death of both the usufructuaries. Having failed to show that their right has yet attached, we think the court did not err in rendering judgment against the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.