EASTERN DIST.
*June*, 1838.

KEYS ET AL.
*vs.*
NETTLES.

KEYS ET AL. *vs.* NETTLES.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR .THE PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

Where the wife is a party plaintiff, and fails to produce the necessary proof of the authorization by her husband to sue, the court, when justice requires it, will remand the case for further proceedings. '

This is a petitory action, instituted by the widow and heirs of James Sides, deceased, to recover from the defendant a negro woman, named Diana, which they allege, belonged to the community existing between the late James Sides and Dolly Keys, one of the plaintiffs, at his death, and which is in the possession and claimed by the defendant.

The facts and pleadings of the case, so far as relates to the point decided by this court, are sufficiently set forth in the opinion which follows :

The district judge maintained the action, and decided that the title to the slave in question, was in the plaintiffs, and from judgment rendered in their favor, the defendant appealed.

*Elam*, for the plaintiffs, insisted, that the judgment was correct, and that the appeal was taken solely for delay. He invoked ten per cent. damages, on the affirmation of the judgment, as a delay case.

*T. L. Andrews*, for the defendant, contended, that the plaintiffs had failed to prove title to the slave in question, and it being a petitory action they must fail.

2. There is no proof of authority in the wife of M'Clendon to sue ; and no proof that Susan Shelton, who is represented by her father, as natural tutor, is the heir of James Sides, deceased, in whose right she claims.

3. The defendant has been in possession, under a good title, translative of property, and those under whom he claims,

EASTERN DIST.  since 1828.  They must hold until a better title and claim
June, 1838.  is made out.  The plaintiffs have failed to show title and
potior est conditio defendentes.

KEYS ET AL.
vs.
NETTLES.

*Carleton, J.*, delivered the opinion of the court.

This action is brought for the recovery of a slave, by three plaintiffs, who allege themselves to be joint owners thereof.

1st. Dolly Keys, in right of community of property, with her deceased husband, James Sides.

2d. John Shelton, as tutor of Susan Shelton, the grand daughter of the deceased.

3d. Susan Sides, daughter of the deceased, who avers that she is assisted by her husband, Lewis M'Clendon.

The defendant denies the capacity of the plaintiffs to sue. But we think the wife has shown her right to the community property acquired by her husband during marriage, of which the slave in question, is alleged to be a part ; and that the grand child of her deceased husband, is properly represented by her father and natural tutor, who, moreover, exhibits his letters of tutorship, granted by the probate judge.

But we concur with the defendant's counsel, that as it does not appear from the record, that Mrs. M'Clendon was authorized by her husband to institute the suit ; and as the counsel insists upon this defect in the proceeding, until it is removed, we do not perceive how the action can be maintained.

Where the wife is a party plaintiff, and fails to produce the necessary proof of the authorization by her husband to sue, the court, when justice requires it, will remand the case for further proceedings.

As Mrs. M'Clendon failed to produce the necessary proof of the authorization by her husband, we think that justice requires the cause should be remanded for further proceedings ; and in coming to this conclusion, we feel ourselves fully authorized by article 906 of the Code of Practice, which declares : " That if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may according to circumstances, remand the cause to the lower court, with instruction as to the testimony which it shall receive, to the end that it may decide according to law."

This view of the subject, withdraws the merits of the cause from our examination, until the parties are properly in court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, that this cause be remanded for a new trial, with instructions to the judge to receive further testimony, according to the opinion herein expressed, and that the appellee pay the costs of this appeal.