LEGENDRE vs. WOODROOFF.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT:

Where the clerk's certificate or note of the evidence offered, omits the protest and demand of payment made by the notary, the court cannot presume that a demand of payment was made, although evidence of the demand seems to exist in the record.

Where it is evident justice requires it, even judgment of non-suit will not be given, but the case will be remanded for new proceedings.

This is an action on a promissory note, payable at the Citizens' Bank of Louisiana.

The defence was simply a general denial. The note and protest were annexed to the petition, and are both in the record. The notary states, that "he presented said note to the proper officer at the Citizens' Bank of Louisiana, where the same was made payable, and demanded payment thereof, and was answered, that no funds had been deposited there to pay the same." He "thereupon presented said note to the drawer, and demanded payment from him, and was answered, his property was abundant, but he was unable to render it available to pay money. That as soon as the credit system shall be extended alike to all classes of our citizens, by just legislation, the said note will be paid."

It appears from a note or statement of the evidence, made by the clerk, that the plaintiff only offered in evidence the note sued on, together with the act of mortgage annexed to the petition. In the record, however, the protest and the note together, are annexed to the petition.

The case was submitted to a jury, who returned a verdict in favor of the plaintiff, for the amount of the note sued on, and from judgment rendered thereon, the defendant appealed.

Latour, for the plaintiff, prayed for the affirmance of the judgment.

*Hennen,* contra, insisted, that from the evidence in the record, there was no proof of demand of payment where the note was made payable, as it does not appear the protest was offered in evidence. This was indispensable to a recovery.

*Garland, J.,* delivered the opinion of the court.

This is an action on a promissory note for three thousand seven hundred and fifty dollars, payable at the Citizens' Bank in New-Orleans, secured by mortgage on a lot of ground. There was a judgment against the defendant, and he appealed.

The defence set up in this court is, there is no evidence of a demand of payment at the bank, previous to the commencement of the suit. An examination of the record, shows there was an omission formally to offer evidence of the demand, although it seems to exist in the shape of a notarial protest attached to the record. The case was tried by a jury, and in the statement of the documents offered in evidence, taken down by the clerk, he only mentions the note and act of mortgage. In the face of the certificate of the clerk, we cannot presume that the evidence of a demand of payment was made. If the record is incorrect, the plaintiff ought to have had it corrected before he fixed his cause for trial. We have to decide upon cases as they are brought before us, and it appearing that the plaintiff has not legally proved a demand of payment at the place indicated in the note, we are compelled to reverse the judgment. 3 *Martin, N. S.,* 423; 10 *Louisiana Reports,* 552; and other cases in which the court has uniformly held, that evidence of a demand of payment is indispensable to a recovery. But in this case, we think justice requires we should not non-suit the plaintiff, but remand his case.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled, avoided and reversed, and this cause remanded for a new trial, to be proceeded in according to law, the plaintiff paying the costs of this appeal.

Where the clerk's certificate or note of the evidence offered, omits the protest and demand of payment made by the notary, the court cannot presume that a demand of payment was made, although evidence of the demand seems to exist in the record.

Where it is evident justice requires it, even judgment of non suit will not be given, but the case will be remanded for new proceedings.