Bullard, J.
This suit is brought to recover of the defendants certain lots in the town of Covington, under the following circumstances
The lots belonged formerly to Terrell, who was in community with his wife Adeline. The plaintiff, Lallande-, having recovered a judgment against Terrell for a 'considerable amount, caused a fieri facias to be issued, in virtue of which the Sheriff sold the lots, with others, on the-21st May, 1841,.on a year’s credit, and Thomas W. Minter became the purchaser, for $ 100, and gaVe his twelve months’ bond, with security for the price, with eight per cent interest. E. M. Terrell afterwards made a surrender to his creditors, and Isaac W. Cutrer was appointed syndic. Lallande, in June, 1841, proceeded, under the act of 1839, relative to garnishments, against Minter, the purchaser of the lots, alleging that he had property or effects in his possession, or under his control, belonging to Terrell, his debtor-. Minter was required to answer, on oath, the following interrogatories: 1st.
Have you or have you not in your possession, or under your control, property belonging to E. M-. Terrell, &c. 2d. Are you *69 not in possession of a certain house and lot in the town of Covington, which was lately seized in the above mentioned suit of Joseph Lallande v. E. M. Terrell, and sold at Sheriff’s sale, &c.; or, if you are not in possession, who is, and with what understanding, &c. 3d. Did you or did you not apparently become the purchaser of the same, and was the title thereto not made out in your name, and is it not still in your name? and were you not requested by the said E. M. Terrell, or his wife, to bid in said property for account of the wife of said Terrell, and did you not bid in the property, and do you not hold it agreeably to said request? 4th. Did or not the said E. M. Terrell promise to pay the twelve months’ bond given for said property at its maturity) and do you not consider yourself in honor bound to make a title to said property whenever it shall be required, either to the said Terrell Or to his wife ? 5th. The defendant was required to state what changes had taken place since the filing of the interrogatories.
On the 3d of November, 1841, the syndic of the creditors of Terrell intervened in this proceeding, alleging that the property in possession of Minter belonged legally to the creditors of Terrell, inasmuch as the same was acquired during the existence of the community between Terrell and wife ; and he asks for judgment for the sanie, as forming a part of the property surrendered.
On the same day Minter answered the interrogatories upon oath. To the first, he answered, no; that he has neither in his possession nor under his control any property of E. M. Terrell; but that he has a title to some property which he expects to convey to Mrs. Adeline Terrell, as soon as she pays him the purl chase price, (he sets forth the property, which is the same now sued for,) which he acquired by purchase at a Sheriff’s sale, sold as the property of E. M. Terrell at the suit of Joseph J ^allande. To the second, he answers, no. I am the owner of said property, having purchased the same at a Sheriff’s'sale as aforesaid. Mr. Terrell occupies the property with the understanding between affiant and Mrs. Adeline Terrell, that when she pays for it, affiant is to make her a title for the same. To the third, he answers : I became the purchaser of the above described property, with some other, on the 21st May, 1841, as aforesaid. The title was *70 made to me aud in my name. I was requested by Mrs. Adeline Terrell to bid in the property for her, which I did, and now hold the said property under said request, under the condition that when she pays for it, she is to receive a title thereto. To the fourth interrogatory, he answered, no; but Mrs. Terrell promised to pay this affiant the amount of the purchase price, that is, the price at which he purchased it at the Sheriff’s sale, at which time affiant agreed to make her a conveyance. I am in honor bound to make said title, provided the purchase price is paid when the twelve months’ bond matures, and not otherwise. To the last, he says, that the property has undergone no change since the filing of these interrogatories.
Upon this evidence the court considered the purchase made by Minter for Mrs. Terrell, as in truth a purchase for the community, and decreed the property to the syndic, as belonging to the creditors under the surrender of Terrell. Thereupon the same was sold at syndic’s sale, and the plaintiff, Lallande, became the purchaser for $150.
In the mean time, and before the twelve months’ bond fell due, Mrs. Terrell obtained a judgment of separation of property from her husband, to wit, in November, 1841. On the day the bond fell due, May 21st, 1842, Mrs. Terrell, through the ministry of a notary public, tendered to Minter one hundred dollars, the stipulated price, and demanded a compliance with his contract, and a conveyance of the lots.
The plaintiff, Lallande, having purchased the lots at the syndic’s sale, as above stated, brought the present action to recover them, in April, 1843, of Terrell and wife, who had always remained in possession.
Upon this statement of facts, it is obvious, first, that the defendant, Mrs. Terrell, was not a party to the case in garnishment, and that the judgment in favor of the syndic does not conclude her; and, secondly, that although the community existed at the time of the purchase by Minter under the understanding above stated, yet that at the maturity of the twelve months’ bond, when the conveyance was to have been made to Mrs. Terrell, on her paying the price, she was separated of property, and capable of acquiring property by purchase for herself, independently of her *71 husband. The question, then, is, did the title vest de prcesenti in Mrs. Terrell, by the agreement with Minter, or was there a suspensive condition, by which the title remained in the mean time in Minter, liable to be divested on the performance of the condition, at the maturity of the bond 1 and, if so, does it not suffice that she was capable of acquiring at the expiration of the time limited by the agreement, on her compliance with the condition upon which the vesting of her title depended ?
The answers of Minter to the interrogatories propounded by the plaintiff himself, and which, consequently, are evidence as to him, show that Minter purchased and took the title in his own name, and became himself bound for the price. He says: “ I am the owner of the property, having purchased the same at a sheriff’s sale, subject to the condition that when Mrs. Terrell shall pay the price, I am to make her a title.” Under these circumstances we cannot doubt, but that Minter was the real owner, under an obligation to convey or sell, at a future day, on Mrs. Terrell’s complying with certain conditions. If, in the mean time judgments had been rendered against Minter, they would have operated as judicial mortgages on the lots in question. If the house had been burnt, it would have been the loss of Minter. “ Res perit domino.” Mrs. Terrell would not have been bound to accept the conveyance and pay the price agreed on, if the property had become, in the mean time, incumbered, at least without security against disturbance. He could not require the payment of the price during the year. The condition was, therefore, suspensive ; and it is well settled, that if the thing which forms the object of an onerous contract perishes, pendente conditione, it is the loss of the debtor or vendor. Duranton, Contrats et Donations, 2 vol. No. 487. 1 Pothier, Oblig. No. 218.
If it should be said that the performance of a suspensive condition has a retroactive effect, and that it is precisely as if Mrs. Terrell had acquired, on the 21st of May, 1841, while she was yet in community, it may be answered, that a married woman in community, is not absolutely without capacity to acquire property by purchase in her own right. She may even purchase from her husband in a bona fide replacing of her dotal effects ; and she may sell to him in payment of a sum promised as dowry. *72 Civ. Code, art. 2421. This court has, on more than one oecasiou, recognized the capacity of the wife to acquire property either by a datian en fiayement by her debtor of a paraphernal debt, or by a bona fide re-investment of her paraphernalia, when she administers it independently of her husband. 17 La. 300. 1 Robinson, 367.
But when Minfer was put in default by a tender of the price and a demand of compliance with his promise to sell, Mrs. Terrell had clearly a legal capacity to acquire by purchase; and there is no ground for supposing, that the money tendered belonged to the community, which was dissolved, and all the property of the husband in the hands of the syndic of his creditors. She may have depended lipón the liberality of friends to furnish her the means of paying for the property at the stipulated period; and when the money was so advanced, it was not as a charge upon the community, which no longer existed. The money must be considered as belonging to Mrs. Terrell, furnished her after her separation, either as a donation, or on her personal credit, and not on that of her husband. We are, therefore, of opinion, that the capacity of the defendant to acquire, at the time when the title was to vest according to the understanding of the parties, was sufficient to make the contract valid, and to give her a good title to the property, independently of her husband, on her complying with the condition.
This view of the case supports the verdict of the jury, and the judgment of the court below.

Judgment affirmed.