Martin, J.
The universal legatee is appellant from a judgment which allows to M. Blache, Esq., the attorney appointed by the court to represent the absent heirs, $1500 for his services as such.
The evidence does not show that these services consisted of anything more than writing letters to the testamentary heirs, announcing the death of the testator; giving a statement of the affairs of the succession ; and the professional advice necessary for *414 their guidance; besides attending to and signing the inventory. The appellee introduced below, three members of the profession, all of whom depose that his claim is a just one. They base their opinion on the large amount going to the absent heirs; the magnitude of the estate; the allowances generally made by the Court of Probates in such cases, and the rate of fees usually paid to attorneys for absent heirs in estates of importance.
The reasoning of the court in the judgment assumes, that it is bound to make that allowance to the attorney for absent heirs, which the professional gentlemen he produces recommend as a fair compensation for his services, without exercising its own judgment thereon. We held a contrary opinion in the eases in 5 Mart. N. S. 402, and in 13 La. 413, and we are not dissatisfied with it. That account must be extravagant indeed, which will not be considered as moderate by' two members of the bar, especially those who are in the habit of being appointed by the Probate Judge to represent absent heirs. In the present case, the witnesses do not appear to have paid much attention to the nature and extent of the services rendered. They have considered the forces of the succession only, its amount, magnitude, and importance. Courts of Probates are the protectors of widows, orphans and absentees, and their duty is to prevent estates from being lavished. The labor of an attorney, whether his client be absent or present, •ought to be rewarded according to its nature, extent, and the degree of skill and care it demands. The care is certainly increased by the value of the estate, and the number and diversity of the objects composing it. In the correspondence with the absent heirs, the labor of the attorney is nearly the same in all estates. The care which the number and diversity of the objects composing the succession requires, is shown by the inventory, and the number of vacations employed in taking it. In the present case, the labor and care of the appellee in informing the heirs, and attending to the inventory, were manifest. His witnesses do not appear to have given any opinion as to their intrinsic, value. They appear to have been satisfied with mentioning the sum which an heir, coming to an estate of the value of that of the testator, ought to be mulcted in.
The succession was as free from debt as any that ever came
*415 before a Court of Probates. There was no debt, and money enough to discharge the expenses and legacies. No suit was brought against it, or for it, except the proceedings necessary to open and close the mortuaria.* The appellee, it is true, places among the services rendered by him, a petition which he filed to have the heir recognized. As this recognition was sought contradictorily with him, he cannot charge it among the services rendered to the estate, and he was incompetent to procure it.
Upon the whole, exercising our judgment on the labor, skill, and care, which were required of the appellee, and the value of the estate, which was very large, we have concluded that the sum of 8750 only, ought to have been allowed by the First Judge.
It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and that the appellee be placed on the tableau for the sum of $750, with costs in the court below, and that he pay those of the appeal.†

 It is admitted in the record that the succession, including legacies, and accounts due deceased in France, as shown by accounts current, amounted to $250,000.

 Blache, for a re hearing. The amount allowed to the attorney of absent heirs was reasonable Civ. Code, art. 1213. Statute of 10 March, 1845, s. 8. (Acts, p. 56.) The attorney of the absent heirs was not competent to procure the recognition of the heir. Civ. Code, art. 1181. Code of Pract. arts. 1000, 1001, 1002. It is only where an heir presents himself, after the payment of the balance in favor of the estate into the State treasury, and after the curator or executor has been discharged, that the heir must be recognized contradictorily with the attorney of the absent heirs. Civ. Code, art. 1193.

Re-hearing refused,