## No. 11.

### C. A. MILTENBERGER *v.* CITY OF NEW ORLEANS.

"The plea of prescription may be pleaded for the first time before the Supreme Court when the proof of it appears on the face of the proceedings in the lower court.

The party to whom the plea of prescription is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea.

Where the appellate court annuls, reverses or sets aside the judgment of the lower court, the appellee shall pay the cost.

*Appealed from Fifth District Court, Parish of Orleans.*

*McGloin & Nixon,* attorneys for plaintiff, appellant.

*City Attorney E. H. McCaleb* for defendant, appellee.

Their Honors, Judge Rogers and McGloin, having recused themselves, they being judge of the lower court from which the appeal was taken, and of counsel in the case, Honorable A. L. Tissot, judge of the Civil District Court, acting as judge *ad hoc*, delivered the opinion and decree of the Court in the words and figures following, to wit;

On the 11th of March 1878, plaintiff and appellant, Charles A. Miltenberger, instituted this suit to recover from the City of New Orleans, the defendant and appellee, the sum of $862.50 due him for 1500 barrels of coal sold and delivered to said city on the order of Charles Fitzenreiter, administrator of waterworks and public buildings. The petition of plaintiff

alleges that the coal was sold and delivered for the use of defendant corporation at 57½c per barrel as per the two orders annexed to and made part thereof, marked A, and B. That the bills for said coal were duly approved by the proper officer of said corporation, as shown by the bills further annexed thereto made part thereof and marked C, and D.

It is further alleged in the petition, that it was expressly agreed and contracted that said coal was to be paid for in cash, and not in warrants, or in any other manner involving delay or depreciation, without which plaintiff and appellant would not have sold said coal. That the city of New Orleans refuses to comply with said contract and pay cash as agreed, and that it should be compelled so to do.

These premises laid down, the petition concludes with a prayer based thereon against defendant corporation. The city filed a general denial for answer. An ordinary judgment in unconditional terms, was rendered in favor of plaintiff for the amount claimed by him. From the judgment an appeal was taken by him.

It appears that plaintiff did not care for such an ordinary judgment on his claim. Relying on his agreement with Administrator Fitzenreiter, that the coal delivered would be paid for cash, he desired to obtain a judgment carrying out the agreement, and in as much as the court did not decree as prayed for by him, that said city and its officers should pay for his coal in cash, as agreed, and not in the order and manner provided for in cases where there has been no such agreement, he was dissatisfied and has appealed. It is obvious that the honorable judge of the court a quo, was correct in refusing plaintiff a judgment as prayed for, and that said plaintiff should have been content with the one rendered in his favor.

The agreement with Administrator Fitzenreiter to the effect urged by plaintiff can have no effect against the city. Mr. Fitzenreiter had no authority, in fact or in law, to bind the corporation by any such agreement. The city of New Orleans can pay its obligation only in the manner directed by law, with the funds in her possession and control provided by law,

and it is beyond the power of any of its governmental officers to divert appropriations, or disburse, or pay out its money otherwise than in the manner specially prescribed by law, as correctly observed by its learned counsel. Hence, if this were the only question involved herein the judgment of the honorable court *a quo* should be affirmed at the cost of the appellant.

But the defendant corporation, on this appeal, pleads specially, and for the first time, the prescription of one and three years, and prays for its maintenance and reversal of the judgment herein. This court can either act finally on this plea, if the evidence will warrant its action, or remand the cause to the lower court, if it appear, or be contended, that an interruption of the prescription could be shown. As the record now stands, the plea should be sustained. For it was ordered and delivered on the 9th. and 17th. of November 1874, and the bills were there rendered and approved, as shown by documents A, B, C, and D, in the transcript, at pages 3, and 4. The citation herein was served on the defendant corporation on the 12th. of March 1878, only, as shown by the return of the sheriff, at page 5 of the transcript, three years, four months after the delivery of the goods. And, it is not shown that at any time during this whole period anything was said or done by any competent person by which the prescription pleaded was interrupted. But, plaintiff and appellent claims, that inasmuch as said plea was not filed in the lower court, he is entitled now to have the case remanded to enable him to introduce testimony upon the issue raised therein; and he accordingly asks that the cause be remanded for that purpose. This demand seems warranted in law. Article 209 of the Code of Practice provides that: "although in general, parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it may depart from this rule, when the exception taken is one of those which may be pleaded at

any period of a cause, and the proof of it appears by the mere examination of the record."

"The prescription may be pleaded before the Supreme Court when the proof of it appears on the face of the proceedings in the lower court. That the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea."

Article 906 of the Code of Practice provided that: "If the Court shall think it not possible to pronounce definitely on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may according to circumstances remand the cause to the lower court with instructions as to testimony which it shall receive, to the end that it may decide according to law."

Under the authority of these articles of the Code of Practice, the course suggested by the appellant should be followed.

Consequently the judgment of the lower court should be reversed and the cause should be remanded to such court with instructions to receive testimony on this plea of prescription, and for the purpose of allowing plaintiff to prove an interruption of prescription, to the end that it may decide according to law.

These conclusions being reached, it must now be determined on whom the cost must fall. The solution of this question is to be found in article 908 of the Code of Practice, and the numerous adjudications of the Supreme Court on this point.

This article of the Code of Practice referred to is in the following language; "If the judgment be reversed, in whatever decree it may be, the appellee shall pay the cost." So in the cases of, Myer vs. Louisiana Insurance Co., 11 Martin 205; Barry vs. Louisiana Insurance Co., 11 Martin 202; Lawes *et al* vs. Winter *et al*, 8 Martin 170; Dufour vs. Canfrancy, 8 Martin 235; Coe *et al* vs. Tanner, *et al*, 12 Martin, 355, 356; Clanageran vs. Facerdotte, 6 (n.s.) 647; Millaudon vs. Smith, 6 (n.s.) 603; Carron vs. Stewart, 6 (n.s.) 635; Guares vs. His Creditors, 3 La. 341; Harrison vs. Faulk, 6 La. 81; Micken vs.

Weens, *curator ec.*, 7 La. 69; Hutchings vs. Jackson's Heirs, 10 La. 246;         vs. McDorkle, 12 La. 573; Merchants Insurance Co. vs. Darrow, 12 La. 413; Keys *et al* vs. Nettles, 12 La. 381; Macon vs. Atchafalaya Bank, 13 La. 344; Garnier vs. Poydras, 13 La. 186; Florance vs. M. Farlan, 15 La. 231; Lejendre vs. Woodruff, 16 La. 477. The Supreme Court not having before it all the facts necessary to enable it to pass advisably on the issues brought up for its consideration, ordered the judgment to be reversed, and the causes to be remanded for further proceedings according to law, and condemned the appellees to pay costs of appeal.

In Barton's Executrix vs. Humpken, 19 La. 517, the judgment of the lower court was annulled, the verdict of the jury was set aside, the judgment of non-suit therein set aside, and the cause was remanded, the defendant and appellee being condemned to pay the costs of the appeal. In Riggs vs. Duperdier *et al*, 19 La. 410, defendants were appellants, and plaintiff appellee. The judgment of the district court was affirmed so far as it related to the annulment of the sale from defendant to the plaintiff; but so far as it related to the damages, claimed, it was annulled and reversed, and the cause was remanded for the purpose of ascertaining and fixing the amount thereof. The costs of the district court, up to the date of the appeal, were ordered to be paid by the defendant, those of the Supreme Court by the plaintiff, and those incurred after the transmission of the judgment of the appellate court to the district court decreed to abide the final decision of the case. In the case of the Planter's Bank of Miss. vs. Charles S. Crane, 2 Rob. 489—491, the Supreme Court thinking it best to remand the cause, to afford the appellant and the appellee the opportunity of adducing new proof, ordered the judgment of the inferior court to be annulled, and the case remanded for a new trial; and condemned plaintiffs, some of the appellees, to pay the cost of the appeal. In Catherine Good vs. John McIntyre and another, 9 R. 394, the appellate court being left under the impression that justice required that the case should be remanded for a further examination and the admission of

new evidence, ordered the judgment of the court *a quo* to be annulled and the case remanded to it for a new trial, and condemned the appellee to pay the cost of the appeal.

In Thomas Lockhart and others vs. Robert P. Jones, 19 R. 381, *et seq.*, the court thinking that justice required that, as between the plaintiff and intervenors the case should be remanded for a new trial, annulled and reversed the judgment appealed from and remanded the case for a new trial, with directions to the judge to decide, in relation to the evidence offered, as directed in their opinion, and in other respects to proceed according to law, and condemned the intervenors, who were appellees, to pay the costs of the appeal.

The City Bank of New Orleans vs. Johnson, 1 Ann. 246. This is a short case. The defendant—
and appellant, drawer of a promissory note, have pleaded in the Supreme Court the prescription of five years, on an appeal taken from a judgment taken against him. The Court held that by article 3527 of the Civil Code, prescription might be pleaded on appeal. It said: "The appellant made an application to file his plea, on a motion for a new trial in the court below. The appellee has requested that, in the event of the plea being received, the case be remanded for a new trial. This he has a right to require. The judgment is therefore reversed, and the case remanded for a new trial. The appellee paying the cost of this appeal."

Fontenot vs. Her Husband, 2 A. 780. Here after passing in review the whole case, the court said: "If we should come to the conclusion that there was a partition of some kind, it is probable that the claim of the intervenors to set it aside, or to recover any part of the property of succession, would be barred by the time that has elapsed since they became of age. The plea of prescription was filed in the Supreme Court, and as it may be material in the decision of a cause, the application of the appellees that the case be remanded, must be granted. The judgment in this case, so far as it affects the defendant, is reversed, and the case remanded for further proceedings; the appellee paying the costs of this appeal."

In Fisher vs. Moore, 12 R. 95, *et seq.,* the court considering that justice required that the case be remanded for a new trial, ordered that the judgment of the district court be reversed and that the case be 'remanded to be proceeded in accordance to law; and condemned the appellee to pay the costs of the appeal. Such was the ruling in the case of Jas. F. McFarland vs. Richardson, 11 R. 13 *et seq.,* and, being without the evidence necessary to decide finally upon the rights of the parties, such also was the ruling in the case of The State vs. Exchange and Banking Co., of New Orleans, 11 R. 32. Justice requiring that the cause be remanded in Fink vs. Martin, 1 A. 18, the Supreme Court reversed the judgment of the district court, ordered the case to be remanded to be proceeded with in accordance to law, and condemned the appellee to pay the cost of the appeal, the residue of the cost to abide the final event of the suit.

Like in many of the cases above cited in William McCrane, curator vs. Tompkins & Larcat, 5 A. 183, the Supreme Court not having before it all the facts necessary to enable it to pass advisedly in the case ordered the judgment to be reversed, and the case to be remanded for further proceeding according to law; and condemned the plaintiff and appellee to pay the cost of the appeal.

The same thing was done in the case of John L. Harris vs. The Bank of Mobile, 5 A. 538, 540, and in that of L. A. Webb, undertutor, on opposition of D. D. Webb, 5 A. 595, 596, thereafter decided and as had already been done in those of Montgomery, executor vs. Meyers, 2 A. 276, and Weatherbee vs. Huddleston *et ex.,* 2 A. 845, 846. See also, 12 R. 540, and 21 A. 58.

In the case of William Bailey vs. William Stevens, 9 R. 158, the Supreme Court said: "A perusal of the evidence which comes up with the record is far from reconciling our minds to the findings of the jury. On the contrary we think justice requires that the case should be remanded for a new trial." Accordingly the judgment of the district court was annulled, reversed, the verdict of the jury set aside, and the case remanded for a new trial, but no mention was made as to who

should pay the cost of the appeal. This, and the case of Bagon vs. Davaffeur, 10 M. 69, are the only two cases, that have come under the observation of the writer, in which the omission occurs.

Now there is the case of Morehouse's heirs vs. Mayer *et al*, 18 L. 318, where it was: "Ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed; and that the case be remanded for a new trial, the appellants paying costs of this appeal." This is the only case that has been found in which such a ruling occurred. Why it was made cannot well be imagined. It is in the teeth of the text of the law, and the settled jurisprudence of Louisiana, to be found in the decisions hereinabove quoted.

It is supposed, from what can be gleaned from this decision, that this equitable ruling was made, because the Supreme Court, which might have done so, did not think proper to affirm the judgment of non-suit rendered by the lower court, and which it said would not have precluded plaintiff from bringing his suit again, but preferred to annul it and remand the same for a new trial. This extended dissertation, on this apparently insignificant point in this cause, has been entered into, because it was thought, as the Supreme Court did in the case of Morehouse's heirs vs. Mayer *et al*, 18 L. 318, above referred to, that equitably the appellant, for whose benefit the cause must be remanded, should be mulcted with the cost of this appeal, notwithstanding the fact that the appellee only raised the fatal plea now asserted, only in this court. But there is no room for equity on the point under consideration. It is only when there is no express law, that the judge may, or is ever bound to, proceed and decide according to equity. See revised Civil Code Article 21. No appeal then can be made herein to natural law and reason, there being a positive law governing this matter, which is upheld by an uninterrupted current of decisions emanating from the highest tribunal of this state.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed;

and that this cause be remanded to such court for further proceedings on the plea of prescription filed, the appellee paying the costs of this appeal, those of the lower court to abide the final results of this suit.

Honorable F. A. Monroe, acting as judge *ad hoc,* concurred in the foregoing opinion and decree.

Rehearing refused June 22, 1881.