West'n. District.
*Sept'r.* 1829.

DANGERFIELDS
EXECUTRIX
*vs.*
THRUSTON'S
HEIRS.

</div>

---

### BELL vs. HAW & AL.

APPEAL from the court of the fifth district, the judge of the district presiding.

MARTIN, J. delivered the opinion of the court. Francis Gardere, the treasurer of the state, an intervening party in the suit, complains of the judgment refusing to recognize the state's mortgage on the property of the defendant Haw, late sheriff of the parish

<div style="text-align:right">

The new civil code (art. 3280) exempts the property and estates of all collectors of moneys, such as sheriffs, &c. from mortgage, from the time of its promulgation. But a collector of a trade or navigation company appointed between the promulgation of the

</div>

West'n. District.
*Sept'r.* 1829.

BELL
*vs.*
HAW & AL.

old and new codes, would be subjected to the legal mortgage, according to the terms of his appointment, altho' by the new code they ceased to exist.

The state, who is the lawgiver and a party, may constitutionally declare, all mortgages in her favor shall cease to exist, as to moneys thereafter collected.

Notice to a third party who purchases at a sale, of prior title, is sufficient to hold the property, although the title may not be regularly recorded, if such notice be given at or before the sale,

of St. Landry, who collected the taxes due in said parish for the year 1826, without having previously given bond as the law directs and requires.

Haw was appointed sheriff a few months before the promulgation of the new civil code, and the law then gave the state a legal mortgage on the estates of collectors of taxes.—*C. code* 456, *art.* 25. But the new code, art. 3280, declares that there shall be no legal mortgage, but those which are recognized by that code. The appellee's counsel has contended, that whatever may be the right of the state in regard to moneys collected for her before the new code, it is clear she can claim no mortgage for the moneys thereafter collected.

The words of the old code are, *the territory, the different parishes, cities and other corporations, companies of trade or navigation, and all public establishments, have a legal mortgage on the property of their collectors, and other accountable persons, from the day when they entered into office.* C. code 456, *art.* 25.

The words of the new code are, "no legal mortgage shall exist, except in the cases determined by *the present code.*" Art. 3280.

Now the new code speaks *not* of legal mortgages on the estate of collectors: therefore such mortgages do *not exist*, in cases in which the new law may constitutionally have its effects.

If a company of trade or navigation had appointed a collector between the promulgation of the two codes, a legal mortgage would have resulted from the contracts by which the company would have entrusted, and the collector accepted, the collection of its moneys, during the continuance of the collector in office; according to the terms of his appointment, and the destruction of the legal mortgage by the legislature would not affect the obligations of the contract; and notwithstanding the law pronouncing it, the mortgage would continue to exist.

But the state may constitutionally declare, that every mortgage in her favor shall cease to exist; whether after the legislature has said so, the rights of the state in regard to moneys actually received by her servants, under the former law subsist, is a question which we shall solve, when properly called on. It suffices now that we should say, that as to moneys thereafter collected, no mortgage

West'n. District.
*Sept'r.* 1829.

BELL
*vs.*
HAW & AL.

exists. The state is the lawgiver, and the party and she must be bound by the terms of the laws she enacts.

It has been objected, that the plaintiff's title was not duly recorded, according to the provisions of the acts of 1810. Positive, indeed, authentic evidence has been produced, of due notice given to the defendants and the *intervener,* of the plaintiff's claim, which renders it unnecessary to enquire into the alleged irregularity of the record.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed.

*Bowen* for the plaintiff, *Garland* for the intervener.