EASTERN DIST. *April*, 1839.

MUNICIPALITY NO. ONE *vs.* BARNETT.

MUNICIPALITY NO. ONE *vs.* BARNETT.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The property owned by the corporation of New-Orleans at the time of its division into municipalities, belongs to the municipality in which it is situated; but the proceeds of all sales, claims for money, *rights and credits due to it* at that time, can only be claimed and sued for by the mayor and commissioners of the sinking fund.

So, where certain lots situated in the First Municipality were sold by the corporation to the defendant, before the division of the city, but the terms of sale not being fully complied with, or payment made, this municipality cannot maintain an action for the rescission of the sale and get back the lots. This right can only be exercised by the mayor and commissioners.

An act for the retrocession of certain property, signed only by the purchaser, is not binding, and has no force on the seller, until accepted by him in some legal manner.

If the date of a purchaser's signature to an act of retrocession be proved, it is a mere pollicitation, until signed or accepted by the other party, and ceases to have any effect the moment his capacity to accept is taken away.

This is an action instituted by the First Municipality, in 1837, for the rescission of the sale of certain lots within its limits, made by the corporation of New-Orleans, in 1833, at public auction, and which were adjudicated to the defendant.

EASTERN DIST.
*April*, 1839.

MUNICIPALITY
NO. ONE
*vs.*
BARNETT.

The plaintiffs allege, that the defendant failed to comply with the terms of sale, by making payments and giving his notes as required, and that he still refuses to comply after being put *in mora*, by the mayor, in neglecting and refusing to sign the act of sale. They pray that said adjudication be declared null and void, and that they recover back said lots, together with damages.

The defendant pleaded a general denial, and averred that the adjudication gave to him a good and valid title, and that he had always been ready and willing to comply with the terms of sale, but that the plaintiffs, on their part, failed and refused to execute an act of sale, although often requested. He prays that his title to said lots be declared good, and that this suit be *dismissed*.

On this issue, the case was tried before the court.

The evidence showed that the sale was made by the corporation the 20th December, 1833, and that the defendant called repeatedly on the notary of the plaintiffs, and offered to comply with the terms of sale. Some difficulty was made in relation to the sale, and an ordinance was passed authorizing the mayor to receive a retrocession of the property sold at said sale, from such persons as had failed to comply with the terms thereof; and by another ordinance, passed soon afterwards, the property of all persons who failed to comply, or delayed to relinquish or retrocede, should be re-sold at their risk. The defendant offered to relinquish his purchase, and in December, 1835, signed an act prepared in the office of the corporation notary, to that effect, but which was never signed by the mayor, notary or witnesses.

In this manner things stood at the passage of the act, in March, 1836, dividing the city of New-Orleans into *three* municipalities. This act provides, that all the city property at the time of the division, shall belong to the municipality in which it was situated; but that all the proceeds of sale,

EASTERN DIST.
April, 1839.
─────────
MUNICIPALITY
NO. ONE
vs.
BARNETT.

money demands, rights and credits, should go into the general sinking fund, and be under the control of the mayor and commissioners of the sinking fund.

In January, 1837, this suit was instituted by the First Municipality, in which these lots are situated, to recover back the property.

Judgment was rendered in favor of the defendant, and the plaintiffs appealed.

*Mercier* and *Denis*, for the plaintiffs.

*Schmidt, contra.*

*Rost, J.,* delivered the opinion of the court.

In January, 1837, the plaintiffs instituted this action to rescind a public sale of town lots, made to the defendant, by the mayor, aldermen, and inhabitants of the city of New-Orleans, on the ground that he had failed to comply with the terms and conditions of the adjudication, and that he had not signed the act of sale.

The defendant denied all the allegations of the plaintiffs, which could entitle them in any manner to rescind the sale, and averred that he had always been ready to do all which in law he was bound to do, but that the plaintiffs were in fault. He prayed to be quieted in his possession and title, and for general relief. Judgment was given in his favor, and the plaintiffs appealed.

Before the plaintiffs can maintain this action, it is incumbent upon them to show that they are subrogated to the rights of the original vendors. This is a link in their chain of title, without which they cannot proceed, and the defendant has the right to avail himself of the want of it, under his pleadings. In 1836, the corporation, of the mayor, aldermen, and inhabitants of the city of New-Orleans, ceased to exist (except for the purposes of liquidation,) and the municipal government of the city was vested in three distinct municipalities, of which the plaintiffs are one. The 15th section of the act creating this new form of government, provides that

each municipality shall be the owner of the property of the old corporation situated within its limits; and that all claims for money, rights and credits, due to the said corporation, shall remain in common, and when collected, be applied to the payment of its debts, under the superintendence and control of the mayor and the commissioners of the sinking fund created by that act. It is, therefore, necessary to ascertain whether, at the time of the promulgation of this act of the legislature, the sale to the defendant continued in force; if before that time the defendant had made a valid retrocession of the lots, they would belong to the plaintiffs, as all other town property situated within their limits, and an action could be maintained for the property and the possession of them : but, if the effects of the adjudication continued till that time, the old corporation had nothing against the defendant, except a claim for the purchase money, which, according to the provisions of the aforesaid act, was for a particular purpose, together with all the rights of action incident thereto, vested in the mayor and the commissioners of the sinking fund. If, in the last alternative, after the new law went into operation, the defendant failed to pay, or to comply with any conditions of the contract, that contract might be rescinded, but the right of action would belong exclusively to the mayor and commissioners. The party who has power to remit the price, can alone maintain an action for the rescission of the sale.

The plaintiffs have shown a resolution of the old city council, passed on the 30th October, 1835, authorizing the mayor to accept from the defendant, and other purchasers of town property, who had not complied with the conditions of the sale, a retrocession and relinquishment of all the right, title and privilege, which they had acquired to the said property by the sale and adjudication. They have also given in evidence, a paper dated in December, 1835, signed by the defendant, and purporting to be a notarial act between him and the mayor, containing a retrocession and relinquishment, in conformity with the aforesaid ordinance; that paper is not signed by the mayor and the notary, and is not attested by witnesses.

Eastern Dist.
*April,* 1839.

MUNICIPALITY NO. ONE
*vs.*
BARNETT.

The property owned by the corporation of New-Orleans, at the time of its division into municipalities, belongs to the municipality in which it is situated; but the proceeds of all sales, claims for money, rights and credits due to it at that time, can only be claimed and sued for by the mayor and commissioners of the sinking fund.

So, where certain lots situated in the First Municipality, were sold by the corporation to the defendant, before the division of the city, but the terms of sale not being fully complied with, or payment made, this municipality cannot maintain an action for the rescission of the sale, and get back the lots. This right can only be exercised by the mayor and commissioners.

An act for the retrocession of certain property, signed only by the purchaser, is not binding, and has no force on the seller, until accepted by him in some legal manner.

If the date of a purchaser's signature to an act of retrocession be proved, it is a mere pollicitation, until signed or accepted by the other party, and ceases to have any effect the moment his capacity to accept is taken away.

The plaintiffs have argued in this court, that this act of the defendant is binding upon him, and that the institution of this suit is a sufficient acceptance of it on the part of the plaintiffs; but there are many satisfactory answers to this argument:

I. Although the signature to the act is proved, the date is left uncertain, and that uncertainty cannot be supplied by us.

II. The suit cannot be considered as an acceptance of a retrocession, because the averments in the petition are inconsistent with the fact that a retrocession existed; an action of rescission, necessarily, pre-supposes a contract to be rescinded.

III. The signing of that act by the defendant, if its date had been proved, was a mere pollicitation, which ceased to have any effect at the expiration of the charter of the former corporation in 1836. *Louisiana Code, article* 1804.

IV. When the former corporation ceased to exist, the condition of the parties to this suit was fixed, and the plaintiffs have never had since, capacity to accept the retrocession. The defendant owes a sum of money, which the mayor and commissioners of the sinking fund, are alone entitled to receive.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.