No. 2777.—CITY OF NEW ORLEANS *v.* J. M. HOYLE et als.

Conceding that the act of 1818 conferred upon the city of New Orleans the monopoly of keeping powder magazines in the State of Louisiana, yet that act has been so modified by subsequent acts of the General Assembly as to confer the same authority on other corporations of the State; and is to that extent repealed, and the monopoly is thereby revoked.

Therefore, since the passage of acts subsequent to the act of 1818, which confer on other corporations of the State the right to keep powder magazines, the city of New Orleans can not maintain an injunction against any person who may be keeping a powder magazine in any other part of the State, nor can the city maintain an action in damages against such person.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *George S. Lacey,* City Attorney, for appellee. *Hays & New,* for defendants and appellants.

LUDELING, C. J. The city of New Orleans, alleging that she had' the exclusive right to keep powder magazines in the State of Louisiana, avers that the defendants have infringed this right and damaged her to the amount of $10,000, for which she prays judgment, and she obtained an injunction to restrain them from infringing upon said exclusive right in the future.

There was judgment in favor of the city for $500, and perpetuating the injunction; and the defendants have appealed.

The plaintiff relies upon the act of the Legislature, passed in 1818, to establish her *exclusive right* to keep powder magazines within the borders of the State of Louisiana.

We do not deem it necessary to decide whether that act created a monopoly in favor of the city in the State of Louisiana or not, because by subsequent acts of the Legislature the power to keep powder magazines has been conferred upon other municipal corporations in the State. and to that extent the act of 1818 would be repealed, if in conflict with the later laws enacted by the Legislature.

The fourth section of the act entitled "An act to organize and define the authority, duties and functions of the police jury of the parish of Jefferson," passed in 1834, declares "that the said police jury is hereby vested with full power and authority to order and make such rules and regulations as they may deem expedient and proper for regulating the police of powder magazines." And the eighteenth section of the same act declares "that all laws or parts of laws contrary to the provisions of this act be and the same are hereby repealed so far as relates to the parish of Jefferson." In 1839 the Legislature passed an act entitled "An act relative to the police jury and to the roads and levees in the parish of St. Bernard," etc., which contains provisions similar to those above quoted. The act of 1840, entitled "An act to create a separate police jury for that part of the parish of Orleans situated on the right bank of the Mississippi," conferred upon said police jury "the same powers" and subjected it to the "same

duties as the police juries of other parishes of the State." We are therefore of opinion that even if the act of 1818 conferred the exclusive right of keeping powder magazines to the city of New Orleans, this monopoly has been revoked.

As the Legislature has the power to abolish the charter of the city, it can not be seriously doubted that it could revoke a part of the powers or privileges conferred upon the municipal corporation.

We do not deem it necessary to decide whether or not a municipal corporation can exercise police powers beyond its corporate limits.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed; that the injunction be set aside, and that the plaintiff's demands be rejected, with costs of both courts.