CITY OF GRETNA v. SOUTH NEW ORLEANS LIGHT AND TRACTION CO.

---

(May 24, 1926. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Municipalities—Par. 59, 60.

Section 13 of Act 136 of 1898, p. 228, provides that the mayor and board of aldermen of every city, town and village shall have the care, management and control of the city, town or village, and its property and finances.

2. Louisiana Digest—Municipalities — Par. 210, 217.

The streets within the limits of the incorporated cities are the property of said cities and the sums paid by street railroads for the use of said streets belong to the several cities as the owners of said streets.

3. Louisiana Digest—Municipalities — Par. 1, 18, 19.

A political corporation is only a state functionary. It has no vested rights protected by the constitution.

Appeal from Twenty-fourth Judicial District Court, Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by City of Gretna against South New Orleans Light and Traction Company, et al.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Andrew H. Thalheim, of New Orleans, attorney for plaintiff, appellant.

E. Howard McCaleb and John E. Fleury, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. This is a suit for the payment of sums due by defendant as compensation for its franchise.

The plaintiff alleges that it is a municipal corporation organized under Act 136 of 1898; that the South New Orleans Light and Traction Company is a corporation operating electric railways exclusively within the limits of the City of Gretna; that it obtained its franchise from the Parish of Jefferson, prior to the incorporation of the plaintiff; that the City of

Gretna has succeeded the Parish of Jefferson in all governmental matters within its limits; that the franchise of the defendant Light and Traction Company provided for the payment to the Parish of Jefferson of one-half of one per cent of its gross annual receipts from its franchise; that the sums due for this franchise should now be paid to the plaintiff, the City of Gretna. The plaintiff makes the police jury of the Parish of Jefferson a party defendant with the Traction Company and prays that the latter be commanded to pay over to plaintiff the sums due under its contract for the exercise of its franchise.

The Police Jury of the Parish of Jefferson admitted that plaintiff was a municipal corporation, admitted that its codefendant, the Traction Company, operated its railway exclusively within the limits of the City of Gretna, and admitted the sums due by the Traction Company for the exercise of its franchise, but denied that plaintiff was entitled to the same; it admitted that the Police Jury for the Parish of Jefferson had previously received the same. Further answering, it alleged "that it is entitled to the amounts collected by it under a certain franchise granted to the said South New Orleans Light and Traction Company, formerly the Algiers Railway and Lighting Company, and that any disposition of the amounts paid to it under said franchise to any other governmental subdivision would be tantamount to impairing the validity of the contract between itself and said railroad company".

The Traction Company admits all the allegations of the petition except that the plaintiff is entitled to the franchise dues, and further answering avers "that it has no interest to whom said moneys should be paid, save that it cannot be compelled to pay twice, and that upon payment of the amount due by it that it be relieved from further responsibility".

The district judge dismissed plaintiffs' demand upon the following grounds:

1st. That the relator failed to prove that the City of Gretna, as an incorporated town or city, has succeeded the Parish of Jefferson in all governmental powers within the jurisdiction and limits of said city, although specially denied by respondents, the Police Jury; and

2nd. Section 15 of Article V of the Constitution of 1921 provides as follows:

"No ex post facto law, nor any law impairing the obligations of contracts shall be passed; nor shall vested rights be divested, unless for purposes of public utility and for just and adequate compensation previously paid."

The plaintiff has appealed.

1st. The first is a question of law.

Section 15 of the Act of 1898 provides:

"That the mayor and board of aldermen of every city, town and village shall have the care, management and control of the city, town or village, and its property, and finances, and shall have power to enact ordinances for the purpose hereinafter named, and such as are not repugnant to the laws of the state, and such ordinances to alter, modify, and repeal, and they shall have power, etc."

Then follow in thirty-two paragraphs, enumerated powers, and Section 16 with eleven paragraphs and Section 17 with five paragraphs, covering, in all, seven pages, of all the powers ordinarily exercised by municipal corporations. Subsection 6 of Section 15 authorizes "to provide for and regulate the construction and passage of railways and street railroads through the streets, avenues, alleys or lanes and public grounds of the munici-

pality", and S. 32 "to license ferries and to regulate the same and the landing thereof within the corporate limits".

The defendant parish is not interested in knowing, as far as this case is concerned, how far the City of Gretna has succeeded the Parish of Jefferson "in all governmental powers within the jurisdiction and limits of said City of Gretna. Suffice that it knows for the purposes of this case that S. 6 confers upon the City of Gretna exclusive jurisdiction and powers to regulate the construction and passage of street railroads through its streets".

In doing so it has recognized the streets and the ferries within its limits as the property of the City of Gretna and of its inhabitants. It is the text of the Civil Code, Article 499, that:

"The fruits of the earth, whether spontaneous or cultivated civil fruits, that is, the revenues yielded by property from the operation of the law or by agreement, and the young of animals belong to the owner by right of accession."

This principle was recognized by the Act of 1836 dividing the City of New Orleans into three municipalities.

The fifteenth section of the Act provided that each municipality should become the owner of the property of the old corporation within its limits. Municipality No. 1 vs. Barnett, 13 La. 344; Municipality No. 1 vs. Brothers, 15 La. 128.

"The real property which belonged to it (City of New Orleans) at the time of its dissolution belongs to the municipality in which it is situated." First Municipality vs. Commissioners of General S. Fund, 1 Rob. 279.

In the case of Municipality No. 1 vs. General Council of New Orleans, 5 La. Ann. 761, the court decided that "the parish prison, being situated in the First Municipality, became the property of that municipality by the Act of March 8, 1836, and was entitled as such to the rents produced by it".

It would seem that the rent was due by virtue of a contract of lease made prior to 1836.

The sums due by the defendant Traction Company of a percentage upon its annual receipts for the exercise of its franchise over the streets of the plaintiff city may be assimilated to rent for the use of those streets, and inasmuch as the streets belong to the plaintiff the revenues of those streets belong likewise to it as owner during the period of its ownership.

2nd. There is no force in this second defense made by the Police Jury that the taking away of these franchise funds would divest it of vested rights. There might be some force in this contention if the purpose of this suit was to compel the Police Jury to pay to the City of Gretna the sums it had received from the Traction Company prior to the incorporation of Gretna, but such is not the case here. The plaintiff demands the sums due during the time of its incorporation.

The Traction Company, considered as a person, might plead divestiture of vested rights. But a political corporation is only a government functionary. Arnoult vs. City, 11 La. Ann. 54; Moore vs. City of New Orleans, 32 La. Ann. 726.

It has no vested rights protected by the constitution. "Laws establishing and regulating municipalities are not contracts, but ordinary acts of legislation. The powers they confer are not franchises as originally meant, but mandates; they may be repealed at pleasure except as to rights

acquired by third persons." Reynolds vs. Baldwin, 1 La. Ann. 162.

"The act of March 20, 1839, incorporating the town of Shreveport and giving the municipal authorities exclusive right to establish ferries across Red River, did not create a contract or vested rights in that corporation which the Legislature could not constitutionally change or annul. The Act of March 16, 1848, entitling the Police Jury of the Parish of Bossier to a participation in the management of the ferry established by the town of Shreveport across Red River, and to share in the revenues thereof is not unconstitutional. The prohibitions contained in Article 109 of the Constitution of Louisiana and in Article I, Section 10, of the Constitution of the United States, apply only to contracts or vested rights of individuals or private corporations, and not to municipal corporations established for public purposes which are entirely subject to the legislative will, except so far as the rights of third persons may be affected thereby." Police Jury vs. Corporation, 5 La. Ann. 661. Affirmed in Crescent City vs. New Orleans, 29 La. Ann. 133 (148), and authorities there quoted. City of New Orleans vs. Hoyle, 23 La. Ann. 740; Moore vs. City of New Orleans, 32 La. Ann. 726 (738).

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that there be judgment in favor of relator making the writ of mandamus herein peremptory, commanding the South New Orleans Light and Traction Company to pay to the relator, the City of Gretna, the sums due under its franchise from the Police Jury of the Parish of Jefferson and enjoining the Police Jury of said parish from asserting any claim to said sums.

It is further ordered that the Police Jury of the Parish of Jefferson pay the costs of both courts.