JiDOUCET, Chief Judge.
The St. Landry Parish School Board, the defendant in the instant action, appeals a judgment of the district court granting a Motion for Summary Judgment filed by plaintiff, Raymond Dupleehain, in this suit for breach of contract and wrongful demotion. We affirm.
PACTS
Plaintiff, Raymond Dupleehain, an employee of the St. Landry Parish School Board, served as principal of Opelousas Senior High School from January 22, 1990, through August 6, 1992. On the latter date, the school board voted not to renew Mr. Dupleehain’s contract, even though the Superintendent of the school system, Raymond E. Fontenot, had recommended the board do so. Mr. Dupleehain was 12notified by a certified letter dated August 11,1992, of the board’s decision not to renew his contract as principal and that he would be returned to his tenured position of assistant principal. Subsequently, the instant action was filed.
The petition, answer, affidavits and depositions establish the following events took place, leading up to the school board’s action on August 6, 1992. In 1990, while plaintiff was serving as principal of Opelousas High, some grade changing occurred in violation of board policy. Mr. Dupleehain was made aware of the problem and board policy was changed. The new policy apparently required the knowledge and approval of the principal before a grade could be changed. During the 1991-1992 school year the board was notified by the State Department of Education that it had received allegations that wrongful grade and schedule changes had again been made at Opelousas High.
Mr. Mickey Guidry, liaison supervisor at Opelousas High, informed Mr. Dupleehain of the allegations and requested an investigation be made. Mr. Dupleehain complied with that request and made a report to Superintendent Fontenot on June 15, 1992. Mr. Fontenot was apparently not satisfied with Mr. Duplechain’s report and ordered “staff committees” to make a second report on the allegations. After the committees made their report, in early August 1992, Superintendent Fontenot recommended that Mr. Du-plechain’s promotional contract be renewed, but that a formal letter of reprimand be placed in his personnel file. The school board did not accept the superintendent’s recommendation, but, rather, voted not to renew Mr. Duplechain’s contract as principal and to reassign him to his tenured position of assistant principal. This suit followed.
JsLAW AND DISCUSSION
Appellants raise two issues on appeal: whether there are remaining factual issues which preclude the rendition of summary judgment; and whether the law was correctly applied to the present situation.
The law applicable to this case can be found in La.R.S. 17:444, as amended by Act 779 of 1991, and Rousselle v. Plaquemines Parish School Board, 93-1916 (La. 4/21/94); 633 So.2d 1235, which found that “... the language of Act 779 of 1991 expressly provides for its retroactive application ...”. Rousselle, id at 1, 633 So.2d at 1238. On appeal the Opelousas Parish School Board argues that the trial court erred in its application of the foregoing statute’s provisions to this case.
The pertinent parts of the statute, La.R.S. 17:444(B)(4)(e)(iii) and (iv), as amended by Act 779 of 1991, provide as follows:
(iii) The employee shall be retained during the term of a contract unless the employee is found incompetent or inefficient or is found to have failed to fulfill the terms and performance objectives of his contract. However, before an employee can be re *112 moved during the contract period, he shall have the right to written charges and a fair hearing before the board after reasonable written notice.
(iv) The board shall negotiate and offer a new contract at the expiration of each existing contract unless the superintendent recommends against a new contract based on an evaluation of the eontractee as provided for in R.S. 17:391.5, or unless failure to offer a new contract is based on a cause sufficient to support a mid-contract termination as provided in Item (iii) of this Subparagraph, or unless the position has been discontinued, or unless the position has been eliminated as a result of district reorganization, provided that should the position be re-created, the employee, if still employed by the board, shall have first right of refusal to the re-created position.
The situation in Rousselle, is on all fours with this case. Mr. Rousselle had entered into a promotional contract with the Plaque-mines Parish School Board in 14990; the contract was up for renewal in the summer of 1992; the superintendent of that school system recommended the contract be renewed; and the board disregarded the recommendation, just as in the case at bar.
In its opinion in Rousselle, the supreme court went to great lengths to explain why La.R.S. 17:444 as amended by Act 779 of 1991, was applicable to Mr. Rousselle’s contract, stating:
The general rule against retroactive application of legislative enactments and its exceptions, is codified in LSA-C.C. art. 6. Cole v. Celotex Corp., 599 So.2d 1058 (La. 1992). It provides: “In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, [93-1916 La. 11] unless there is a legislative expression to the contrary.” Additionally, LSA-R.S. 1:2 provides that no statute is retroactive unless it is expressly so stated. It does not distinguish between substantive, procedural and interpretive laws as does article 6, but is generally construed as being coextensive. See St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992).
A two-fold inquiry is required by article 6. First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends. [ ... ] However, since application of legislative enactments has constitutional implications under the due process and contract clauses of both the United States and Louisiana Constitutions, even where the legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. Id.
Examining the specific language contained in Act 779 of 1991, we find the legislature expressly provided for its retroactive application. The Act directs that the parish school boards ‘shall negotiate and offer a new contract at the expiration of each existing contract ... ’ (emphasis added) The enactment’s reference to ‘each existing contract’ manifests the legislature intended a limited retroactivity, i.e., retroactively to each 2 to 4 year promotional contract in existence on the enactment’s effective date.
[[Image here]]
I ,¾[93 — 1916 La. 15] The retroactive application of Act 779 to Rousselle’s contract does not unconstitutionally impair the School Board’s contractual rights. The School Board is an agency of the state and is aware of the legislature’s broad and pervasive power to regulate public education. Accordingly, it is not protected by the constitutional prohibition against the legislature enacting laws which impair the obligation of contracts. LSA-Const. Art. I, § 23; U.S. Const. Art. I, § 10[1]. See City of New Orleans v. New Orleans Water-Works Co., 142 U.S. 79, 12 S.Ct. 142, 35 L.Ed. 943 (1891); City of Gretna v. South New Orleans Light & Traction Co., 4 La.App. 480 (Orl.1926); Bell v. Haw, 8 Mart. (N.S.) 243 (1829). The inhibitions found in Article I, § 23 of the Constitution are protections for the citizens and not for the State. Fullilove v. U.S. Cas. Co. of New York, 129 So.2d 816 (La.App. 2d Cir. 1961) [addressing claims of contravention *113 of Art. IV, § 15 of Const, of 1921, now LSA-Const. Art. 1, § 23]. This state may constitutionally pass retrospective laws waiving or impairing its own rights or those of its subdivisions, or imposing upon itself or its subdivisions new liabilities with respect to transactions already passed, as long as private rights are not infringed. See Id.; 16 C.J.S. Constitutional Law § 395, pp. 319-320; Notes, Workmen’s Compensation — Retroactivity of Amendment to Louisiana’s Workmen’s Compensation Statute, 52 Tul.L.Rev. 907, 912-913 (1978) [regarding Fullilove: ‘The court distinguished divesting a state of its rights from divesting a person of his or her rights; the latter action oversteps constitutional limitations on state action, whereas no such proscriptions prevent a state from passing retrospective laws waiving or impairing its own vested rights.’]. Thus, as the School Board is not protected by the contract clause prohibitions of the state or federal constitutions ... [footnotes omitted].
Rousselle, 93-1916 at 10, 11 & 15; 633 So.2d at 1244-1246.
Appellant puts forth no argument which convinces us that the case at bar is in any different from Rousselle. Accordingly, we find La.R.S. 17:444 and Rousselle, applicable and dispositive of the case sub judice.
Appellant also argues that there remain unresolved factual issues concerning the application of and the compliance with La.R.S. 17:444 which preclude the rendition of summary judgment. We disagree.
leThe record is devoid of any evidence which supports appellant’s claim that the board complied with the provisions of the statute which require the employee, in this case, Mr. Duplechain, to be provided with “... written charges and a fair hearing before the board after reasonable written notice.” We find no statement of written charges. In fact we find no formal charges whatsoever; all that the record contains is a number of references to “allegations”. Additionally, we find no written notice to Mr. Duplechain of any hearing on any charges. Clearly, the board did not comply with the mandates of the statute and there remain no issues of material fact which would preclude summary judgment.
Accordingly, for the reasons stated, the judgment appealed is affirmed. All costs of this appeal are taxed against appellant, the St. Landry Parish School Board.
AFFIRMED.